The next case is Michael Baxendale v. Secretary of Veterans Affairs, 2007, 7152, Utah, Virginia. Mr. Chairman, this court can confirm that Mr. Thompson has Mr. Michael Baxendale. Mr. Baxendale appeals the decision of the Veterans Court in asserting that the Veterans Court did not correctly interpret 48 CFR 3.1 of Suite A, which involves the VA's regulatory imposition of its duty to assist its contemplating partners, Congress, in assisting veterans in indulgence of facts pertinent to their claim. What's the interpretation here? Isn't it a question of fact whether the fiscal examination is necessary? No, Your Honor. The issue presented to the Veterans Court was a question of whether or not the court was or failed to consider and apply 5110b-2 in assignment to the faculty. In furtherance of that argument, Mr. Baxendale before the Veterans Court specifically relied upon the provisions of 38 CFR 3.1 of 3, for instance, A, and the court simply ignored that in its decision and gave a raw, sweeping conclusion that the appellant had overstated the duty to assist and relies upon the obligation of the VA to obtain certain records and relies specifically on the interpretation of the statute. Is this a duty to assist question or was this really a question under 5103a-d, whether medical examination was necessary? It's a duty to assist question, Your Honor, because it goes to the heart of the meaning of the VA's duty to assist when the VA, by regulation, indicates that it has an obligation to develop facts pertinent to the claim. And the unique circumstances of this case are what happens after the VA decides that there is an entitlement to increased compensation. This is in the reason of medical examination issue, right? No, I'm raising a duty to assist issue, and a specific request for assistance is a retrospective examination. Medical examination, and there is a specific provision in the statute which defines when a medical examination is necessary. And the statute is in conflict with the regulation. The statute is narrow and the regulation is broad. Would you just say the statute is in conflict with the regulation? Well, it is to the extent of the limitation that it imposes on the duty to obtain a medical opinion. So what is the legal question again here, and how would you like that legal question answered? I'm having a hard time with this legal question. The legal question is whether or not the VA has a duty to develop facts pertinent to a claim for an effective date in the one-year look-back window under 5110b2. But the question is, nobody is saying that they have no duty for assistance. Isn't the question here, and I think this is Judge Lori's point, whether or not under the circumstances in this case, it had a duty to assist? No, Your Honor, because what happened in this case was that the board did not consider or apply the applicable statutory and regulatory provisions. They didn't look to that one-year look-back window at all. And what inspired back to the argument of the Veterans Court is that in demonstration of the need to have considered and applied those specific provisions of law and regulation, there was a regulatory-imposed duty on the part of the VA to develop facts pertinent, and that the remedy for the board should have been to send this matter back to the VA to do its regulatory duty under 103A. So you're saying you're seeking that they order them to develop facts pertinent. Develop facts pertinent. And this circumstance consists of a retrospective memo. That's right, because there was conflicting evidence in the record about employment in that one-year look-back window as to whether or not there was a worsening of his condition and, in this case, whether or not he qualified for a total rating based upon the fact that he wasn't working. And are you suggesting that the Veterans Administration would not have the discretion to determine whether or not they thought a medical opinion was too speculative under these circumstances? Well, that's really not the issue in this case, Your Honor, because there was no exercise of that duty. It wasn't a question of whether they did or didn't have the discretion. The board had an obligation to consider and apply the one-year look-back provision of the statute and regulation, and the board did not apply that statute or regulation. And in furtherance of that argument, Mr. Baxton and I have attempted to explain that one of the ways that they could have applied that regulation and statute was to provide a retrospective medical opinion because of the conflict in the evidence. And they said no because it's far too speculative under these circumstances. What's wrong with that? Because that doesn't go to the consideration of the applicable statute and regulation. It's a post hoc rationalization for why they chose not to consider and apply an applicable provision of law and regulation. What happened here is that Mr. Baxton, though, applied for, sought an increase in October 1993. In fact, he had an inferred claim for increase back in August of 1992, which the board eventually found to have occurred. Where the VA dropped the ball was then in looking at the one-year look-back window under the statute and regulation and affording him assistance. Then they come in and say, well, in mitigation of our failure to correctly apply or consider and apply the appropriate provisions of law, we were simply exercising our discretion and it wasn't necessary. They can't use that post hoc rationalization, that litigation position to justify the board's failure to comply with its obligation to consider and apply all provisions of law. And then ultimately goes to the question of the VA's need to assist Mr. Baxton Dale when there is a conflict in the evidence. There was no attempt to resolve the conflict in the evidence where the medical records indicated that he was employed, but employment alone is not a bar to the 100% schedule of rating. It's a question of whether or not that employment was or wasn't substantially gainful employment and whether that unemployability resulted from his service-connected disability. The board simply gave short shrift to the fact that, well, yes, there's Social Security. He was totally disabled under Social Security from February of 1991, but we don't have to consider that because there were other conditions that he was disabled from. But that's why the duty to assist exists. The necessity for the VA to assist the veteran in developing facts pertinent to the claim. And the very narrow claim here, which happened when the VA decided that, excuse me, when the board decided that there was an informal claim for increased compensation in August of 1992, was then to assist the veteran in looking back for one year. And that information was clearly available in the records and should have been recognized by the board as an omission on the part of the VA in developing facts pertinent because what they did was to simply look at the evidence and say, well, we don't think that there was a need because it's too remote. But it's really not a question of remoteness. It's a question of assisting the veteran to go to the real question under the statute. The question under 5110B2, the language is... Oh, the earliest date as to which it is ascertainable that an increase in disability has occurred. But if you don't ever ask the question, if you don't ever develop facts pertinent to that question, and in the case of... So you're saying that a retrospective medical opinion is required in every instance where we're talking about a one-year fact. Or what are you asking for? You're saying that the VA at least has to think about whether or not they should have it, and if they decide it's too speculative, that's why they should. That's right. And then the burden would shift to the veteran, as was suggested by the Veterans Court, to come forward with that evidence. If the VA isn't going to assist with that, they make a judgment that we don't need to assist you, then the burden does shift to the veteran to come forward with that evidence. But the obligation in the first instance, under their own regulation, should be the VA. But Mr. Carpenter, is that the decision that was made by the VA that additional evidence was not necessary? No, I don't believe they ever reached that question, Your Honor. I don't think they ever considered the one-year lookback window, and that's what we challenged the Board's decision on that affirmed the assignment of the effective date of August of 1992. That was the question that was presented to the Veterans Court, and in support of that, we argued the breach of the duty to assist in that one-year lookback. The explanation that they gave to the court was, is that it wasn't necessary. I don't believe that was a decision that was ever made by the VA in the first instance. So if it was made, then this decision made by the VA would be a question of fact at that point, but we really couldn't even look at that. Oh, that's absolutely correct, Your Honor. The question here is the interpretation of the VA's regulatory duty to assist on 3.00. But we also interpret the issue as whether or not it's a question of fact that the VA considered and rejected. Well, I'm not sure you could get to that in this case, Your Honor, because the issue presented below was whether the Board failed to consider or apply the applicable statute of regulations, 51.10.2.2 and 3.4002. And the evidence, I think, is clear that they didn't. And as a consequence, the Veterans Court should have vacated that decision and ordered them to have at least considered and applied it, and then that's when that factual determination would have been made. I'll say that one more time. I'll observe that. I'll say it before Mr. Carpenter and Mr. Chairman. Is this a due-to-assist case or a statutory interpretation case, or is this a fact case regarding a medical examination? This is a fact case involving a medical examination. Do we need any more time? That's entirely up to you, Your Honor. But if you don't mind, may I take a few moments before we sign? You have 15 minutes. Thank you. The Court has the exact right. The Board of Veterans Appeals in this case determined as a matter of fact that Mr. Baxnell's request for a retrospective medical examination would have been speculative, was not relevant, would not be in the determination of his claim, and that the record was otherwise sufficient to commit adjudication of his claim. Given those facts, Mr. Baxnell must convince his Court to take one of two steps in order to obtain a reversal. Either he must convince the Court to reexamine those facts, which the Court plainly designed jurisdictionally pursuant to 38 U.S.C. 7292, or he must convince the Court that 38 CFR 3.103 creates an obligation on the part of the Department of Veterans Affairs and that that obligation is so broad as to require a medical examination where it would be speculative, irrelevant, and would not be substantially likely to be. But in this case, is he right or wrong? As I understood it, maybe I misunderstood that. The VA did not make that determination. That's a threshold matter. They did not say, oh, we're not giving you a retrospective medical examination. They did, in fact. That was determined at the Board and held by the Department of Veterans Affairs. And in fact, they used those words. They said that it was speculative. They said that it was not reasonably likely to be a substantiation of the claim. They said that it was not permanent. So even if you were to find an obligation under 3.103, or it enters a specific factual claim that additional permanent obtainable evidence was not available. So the Board called it all those things as a matter of fact. One of the things that disturbed me about the government's position here is that you argue, as I think the Board and the CDC also did, that the reason they would offer the call to provide some retrospective medical examination is because the Veterans Administration had sufficient evidence and record to establish that the trigger came last. In other words, because you had some medical exam, say, as of August 17th, this person had this disability. That gets you off the hook of determining whether or not he had a problem before that. That makes no sense to me. I mean, if I have the flu, if Dr. Baerza tells me I have the flu as of September 1st, that doesn't inform at all the question of whether or not I have the flu on August 1st as well. But that provision is specifically in 513AD2. AD2C, I believe, says that, well, 513AD2 governs when the duty to assist includes requirement for medical examination. And AD2C says that it's only one of the criteria, is that it's required where there is not, there's not otherwise sufficient background record to permit adjudication of the claim. And in this case, there was. There were the progress notes, and Mr. Jackson knows there was his doctor's memorandum as of August 17th. There were progress notes prior to August 17th, but it didn't contain any information that indicated that he warranted, his condition warranted, a greater than 50% rate. Mr. Chairman, let me interject. As you know, and Mr. Kaufman knows, we know, but this is a law school audience, that by statute we have no jurisdiction over facts. There are applications of a lot of facts. And so that sort of sets the divide in the asylum museum. That's correct. And that's exactly what Mr. Bassendale has helped to work around. Moore was very clear about his factual findings with respect to whether medical can be informed, retrospectively informed in this case. And there's just no, excuse me, there's no way for Mr. Bassendale to work around that. He can't change the facts, and 3.103A doesn't deserve such a broad interpretation as to permit a retrospective, or the requirement for a retrospective medical in certain cases. Do you, does the government agree that in some circumstances, they may have evaluated and said to a retrospective, and that's what they have, is not just factual? That's possible, and that depends on Moore's factual findings. And it also depends on its findings in light of 5.103A, both under D-2, the provision relating to medical examinations, and also consistent with 5.103A-2, which doesn't require the VA to provide any sort of assistance that isn't reasonably likely to aid in substantiation of the veterans' claim. So if, in a certain set of circumstances, a veteran were to satisfy those provisions, it's possible. But again, that would be a factual finding for our court. Is that a legal determination or a factual determination made by the VA? That's a factual determination. And in fact, this court in Bull v. Principi said that determinations under 5.103A, D-2, A and B are factual determinations. And VACB has stated that with respect to D-2C. That's a factual determination as well. Well, hypothetically, if the veteran had to ask for additional medical examination, would that be part of the duty to assist in establishing a claim? Again, if it satisfied the conditions of 5.103A-2, it would be. If 5.103A-2 sets out the VA's duty to assist under particular circumstances, and where the circumstances are such that the record reflects that the veteran has a present disability, that there's an association between present disability and a veteran's military service, and the record is not otherwise sufficient for the adjudication of the claim, then the medical exam is required pursuant to 5.103A, the general duty to assist. But if they determine that the medical evidence is sufficient, then it's a factual determination at that point. All right. But what if the veteran asks for a medical examination saying the evidence that you have is insufficient? That also is a fact determination. The VA refuses to provide an additional medical examination. That's also a fact determination on the part of the board. It would be up to the board to determine whether, as a factual matter, the record did actually consist of evidence that would permit the board to adjudicate the claim. Or the veteran would be able to get his own medical examination at his own cost at that point. That's true. That's true. It simply would fall within the VA's duty to assist. It would pass off at the cost of the veteran. That's correct. Is that really a violation of the duty to assist at that point? Well, no, it's not under 5.382. Those are the circumstances in which Congress has said specifically that a medical examination is required. Beyond that, the VA doesn't have a statutory obligation to provide a medical examination. So to the extent there is a cost-shifting there, it is a cost-shifting that Congress explicitly provides for. I just want to address two points that Mr. Farber raised as well. Even under 38 CFR 3.103, there is no duty on the VA to – well, there's no duty at all. 3.103 does not create any obligations on the VA as part of the VA's scenario statement policy. But even if there were, it's a duty to assist the veteran, not a duty to develop facts. It's a duty to assist the veteran in developing facts. Well, that's what I was short-circuiting. What is that duty to assist claimant? Just that point. It's not to develop facts. It's to support the claimant. Well, it's a duty to assist the veteran in developing facts. So there has to be some basis for the VA to do that. In fact, in Hilder, which is cited in our brief, the Court of Appeals of Veterans Claims specifically said that the duty to assist is just that. It's not a duty on the part of the VA to prove the claim. It's the duty to assist the veteran in collecting evidence. So where there's no basis in the record to believe that a particular act of assistance would change the outcome of the case, then it's not required under Hilder. And the VA has unreviewable discretion to make that determination, or reviewable by the Board, but not by us? In any particular circumstance, it is a determination of that. It is within the Board's discretion. That's right. If the Board has any further questions, we'd be happy to address that. No one has ever penalized a claimant to use all this time. What does it get them? Thank you, Your Honor. Thank you very much, Your Honor. At page 57 of the Joint Attendance, which is the Board's decision, the Board acknowledges that the veterans, like myself, requested that the Board mandate in order to obtain a retrospective medical opinion. To determine whether it was factually ascertainable that the veterans' symptoms had increased in severity in the one year prior to the informal claim in August of 1992. The Board specifically declined. Now, what's important here is that the VA never made any effort at assistance. And when on appeal, the question was raised about the VA's duty to assist. They relied, as the government has now relied, on the limited authorization of the statute. And I believe that the government has correctly articulated the VA's position here, which is that Congress has now told us that we only have to do a little assistance. And we really don't have to give the full, broad statement of policy that exists in 3.103A to develop facts pertinent to the claim. Well, do you disagree with the statement that follows the one that you read, where they say a decision on a claim for earlier effect of fate may not be based on resort to pure speculation or even remote possibility? I agree with that statement as a general proposition. However, that is not the exercise of the duty to assist by the VA. That is a determination by the Board in the first instance. And it is our view that the obligation under 3.103A imposes that duty on the VA in the first instance. And that's why we asked the Board to send it back to the VA to do their duty to assist in the first instance. So the remedy you get here is that we send it all the way back through the pipeline to the best of your discretion. They presumably say the same thing you're saying here. It goes out to the Board. We know what we're supposed to do. They've already done it. So it's too speculative. Well, actually, I think it's far more important than that. Because what this Court does that is frankly different than the Court below is to interpret what the VA statutes and regulations mean. You've just heard the government tell you that 3.103A isn't about the duty to assist. It's only a statement of policy, that it really isn't the imposition by regulation of their duty to assist, that they have no obligation to assist, even when requested. And quite frankly, that is an absurd position and a position that is in direct contravention to the consistent congressional history of the expectation on the part of the Secretary that the Secretary is going to help the veteran in the first instance. And there is a very narrow window that is at issue here. And if this Court permits the VA to sustain a position that the interpretation of 3.103A is merely a statement of policy, then the Secretary gets off the hook. Then, in fact, there is no real duty to assist except as narrowly defined under the statute. And that would simply be catastrophic to veterans. Because as has been suggested, it is unfair to shift the burden to the veteran, which is precisely what the Veterans Court did. The Veterans Court wanted Mr. Baxendale to come forward with evidence in the first instance. And that puts the burden apart in front of the horse. And the horse here is the VA. It should be assisting the veteran to develop facts pertinent to the claim, as stated in 3.103A. I don't believe I have anything further. Unless there's further questions, thank you very much. Thank you, Mr. Chairman.